Scott D. Kaiser, (CA Bar No. 332399)
skaiser@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550 | Fax: 816-421-5547

Attorney for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

ALEJANDRA MARTINEZ,

    Plaintiff

      v.

SHARKNINJA OPERATING LLC,
WALMART, INC., and
DOES 1 to 100, inclusive,

    Defendants

Case No. **'25CV3108 BAS VET**

## DEFENDANTS' NOTICE OF REMOVAL

Defendants SharkNinja Operating LLC ("SharkNinja") and Walmart Inc. ("Walmart") (collectively "Defendants") remove this product-liability action filed on October 9, 2025, from the San Diego County Superior Court to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

The grounds for removal based on diversity jurisdiction are met. As to the complete-diversity requirement, Plaintiff Alejandra Martinez is a citizen of California, *see* Plaintiff's

1

DEFENDANTS' NOTICE OF REMOVAL

Complaint at ¶1 (attached as **Ex. A**), and neither Defendant is a citizen of California, *see* Defendants' Disclosure Statement (filed contemporaneously with this Notice of Removal).

SharkNinja Operating LLC's sole member is SharkNinja Midco LLC. SharkNinja Midco LLC's sole member is SharkNinja Appliance LLC. SharkNinja Appliance LLC's sole member is SharkNinja Appliance UK Holdco Limited, a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands.

"UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction." *210 Brands Inc. v. Canterbury of N.Z. Ltd.*, No. 2:20-cv-06853, 2020 U.S. Dist. LEXIS 244904, at *8-9 (C.D. Cal. Dec. 29, 2020) (quotations omitted). Thus, SharkNinja Operating LLC is a citizen of the United Kingdom, as its ultimate member is SharkNinja Appliance UK Holdco Limited, a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England.

Defendant Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas. The Court must disregard the citizenship of the fictitiously-named "Doe" defendants for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). Therefore, Plaintiff's citizenship is diverse from all defendants.

The amount-in-controversy requirement is also satisfied. The Complaint alleges that Plaintiff suffered a "catastrophic injury" to her thumb for which she seeks compensatory damages, including for wage loss, medical expenses, and loss of earning capacity. Ex. A ¶ 2; *id.* at 3. Plaintiff's first and only settlement demand to SharkNinja was $1,000,000. *See* Plaintiff's Demand Letter dated November 6, 2024 (attached as **Ex. B**); *Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (where plaintiff demands a settlement greater than $75,000 and does not argue it was inflated or disavow the demand, the demand is "sufficient to establish the amount in controversy"). Further, Plaintiff's Complaint alleges that she suffered a significant injury, including "bone fracture, tendon

damage, and permanent sensory disturbance." Ex. A ¶ 2. Plaintiff alleges she has undergone "surgical repair, debridement, immobilization, and extensive therapy." *Id.* She claims she "continues to suffer pain, numbness, stiffness, and los of range of motion in her dominant hand" and that "[t]hese injuries have impaired her ability to perform daily tasks, caused significant medical expenses, and continue to require ongoing treatment." *Id.*

On this record, Defendants have carried their burden to establish that the amount in controversy "more likely than not" exceeds $75,000. *Perryman v. JPMorgan Chase Bank*, N.A., No. 16-cv-00643, 2016 U.S. Dist. LEXIS 112550, at *6 (E.D. Cal. Aug. 22, 2016).

## **PROCEDURAL REQUIREMENTS FOR REMOVAL**

The procedural requirements for removal are also met. This Court is the proper venue for an action removed from San Diego County. This Notice of Removal is timely because it was filed within 30 days of October 14, 2025, the date SharkNinja and Walmart were served with Plaintiff's Complaint, which is the first paper from which it could be ascertained that this case is removable. The date of service is the relevant date for removal purposes. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

After filing this notice of removal, Defendants will promptly give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of the Superior Court of San Diego County, pursuant to 28 U.S.C. § 1446(d). Defendants have attached the following exhibits:

- Plaintiff's Complaint (**Ex. A**)
- Plaintiff's Demand Letter to SharkNinja (partially redacted for privacy) (**Ex. B**)
- Copy of all process, pleadings, and orders served upon defendants (**Ex. C**)

Respectfully submitted,

/s/ *Scott Kaiser*
Scott D. Kaiser SBN 332399
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108

3

(816) 474-6550
skaiser@shb.com

***Attorney for Defendants
SharkNinja Operating LLC and
Walmart Inc.***

4